UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL SMITH,

Plaintiff,

v.

KENNETH J. SENNE,

Defendant.

Case No.: 20CV173 GPC(JLB)

**ORDER SUA SPONTE DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Michael Smith, proceeding pro se, filed a complaint alleging five counts alleging violations of California law. (Dkt. No. 1, Compl.) Plaintiff alleges the ourt has federal question jurisdiction. (*Id.* ¶ 1.)

## Discussion

The federal court is one of limited jurisdiction and the burden rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Americ*a, 511 U.S. 375, 377 (1994). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so sua sponte. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Nevada v. Bank of America Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (it is well established that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during

1

the pendency of the action, even on appeal.") Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, the complaint alleges federal question jurisdiction and generally cites to 28 U.S.C. § 1343(a)(4); 42 U.S.C. § 1983 and 18 U.S.C. § 1621(1). (Dkt. No. 1, Compl. ¶¶ 1, 2, 3.) Yet, the complaint does not assert any causes of action with supporting facts under these federal statutes. On the caption of the complaint, Plaintiff lists five causes of action for two counts of breach of fiduciary duty, violation of California Probate Codes and unlawful detainer codes, violation of California Welfare & Institution Code section 15627.5, and fraud on the court. Because Plaintiff has failed to demonstrate the Court has federal question jurisdiction, the Court must dismiss the complaint. *See* Fed. R. Civ. P. 12(h)(3).

## Conclusion

For the reasons set forth above, the Court sua sponte DISMISSES the Complaint without prejudice for lack of subject matter jurisdiction. The Court GRANTS Plaintiff thirty (30) days from the filed date of the order to file an amended complaint curing the deficiencies of pleading identified above.

IT IS SO ORDERED.

Dated: January 29, 2020

Hon. Gonzalo P. Curiel
United States District Judge