UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SMITH,<br><br>         Plaintiff,<br><br>v.<br><br>KENNETH J. SEENE,<br><br>         Defendant. | Case No.: 20CV173 GPC(JLB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br><br>**[Dkt. No. 7.]** |

Before the Court is Defendant Kenneth Seene's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.) Plaintiff Michael Smith filed an opposition. (Dkt. No. 10.) Defendant filed a reply. (Dkt. No. 11.) Based on the reasoning below, the Court GRANTS Defendant's motion to dismiss with prejudice.

**Background**

On January 27, 2020, Plaintiff Michael Smith ("Plaintiff" or "Smith"), proceeding pro se, filed a complaint against Defendant Kenneth J. Seene ("Defendant" or "Seene"). (Dkt. No. 1, Compl.) On January 29, 2020, the Court *sua sponte* dismissed the complaint for lack of subject matter jurisdiction because the complaint did not assert any facts to support a federal cause of action and merely listed five state law causes of action and a

reference to fraud upon the court citing Federal Rule of Civil Procedure 60.  (Dkt. No. 3 at 3.[1])

On February 24, 2020, Smith filed a first amended complaint ("FAC").  (Dkt. No. 4, FAC.)  He alleges the Court's independent jurisdiction under Federal Rule of Civil Procedure ("Rule") 60(d)(1)(3) based on fraud upon the court.  (*Id.* ¶ 2.)  He also summarily alleges "[a]buse of discretion and erroneous decision by state judgment, acting with his jurisdiction, is violation, by state, of right under the Fifth and Fourteenth Amendment which will bring action within jurisdiction of federal court."  (*Id.* ¶ 7.)

The FAC alleges that on January 3, 1991, Jacob Seene, Sr. ("Jacob Seene") inherited, *inter alia,* real property located at 3669 Myrtle Avenue in San Diego, CA.  *(Id.* ¶ 12; *id.*, Ex. A.)  On June 2, 1993, Jacob Seene and Bernadine A. Seene executed the Seene Family Trust as Settlors.  (Dkt. No. 4, FAC ¶ 13; *id.*, Ex. B.)  On November 17, 1997, Jacob Seene, gifted his separate property located at 3669 Myrtle Avenue to Plaintiff after Jacob's death.  (Dkt. No. 4, FAC ¶ 14; *id.*, Ex. C.)  On November 6, 1999, Plaintiff met with Jacob Seene along with his son Jake where Jacob Seene reiterated his desire to leave the property to Plaintiff.  (Dkt. No. 4, FAC ¶ 21.)  On December 27, 1999, Jacob Seene passed away.  (*Id.* ¶ 22.)  On January 14, 2000, Defendant Kenneth Seene filed a petition to ascertain beneficiaries of trust and resolve property dispute.  (*Id.* ¶ 23.)  Plaintiff claims that Seene and his counsel, James Boyd, committed fraud on the court by using deceit to deprive him of property and committed embezzlement.  (*Id.*)  He alleges that James Boyd committed fraud upon the court and violated Plaintiff's Fifth and Fourteenth Amendment rights.  (*Id.* ¶ 24.)

According to judicially noticed documents[2], Plaintiff's claims arise from an underlying state court probate action that was filed in January 2000 in the San Diego

---

[1] Page numbers are based on the CM/ECF pagination.
[2] Without providing legal authority, Defendant filed a request for judicial notice of court filings between the parties in San Diego Superior Court and the dockets of the California Court of Appeal and the California Supreme Court.  (Dkt. No. 7-2.)  Despite Defendant's failure to provide legal authority,

Superior Court. (Dkt. No. 7-2, D's RJN, Ex. 1.) After the death of Jacob Seene on December 27, 1999, Kenneth Jacob Seene, decedent's son, filed a petition to ascertain beneficiaries of trust and resolve property dispute in January 2000. (*Id.*, Ex. 1.) After a trial, the state court found against Smith's claim to the property located at 3669 Myrtle Avenue, San Diego CA 92104. (*Id.*, Ex. 2.) Smith filed a notice of appeal which affirmed the trial court decision on June 6, 2002. (*Id.*, Ex. 3.) On August 21, 2002, the California Supreme Court denied Smith's petition for review. (*Id.*, Ex. 4.) Before the California Supreme Court's denial, Smith filed a civil complaint against Seene in San Diego Superior Court which was later dismissed after demurrer on January 24, 2003. (*Id.*, Exs. 5, 6.) On appeal, the court of appeal affirmed the lower court's decision on March 5, 2004. (*Id.*, Ex. 7.) The California Supreme Court denied Smith's petition for review on May 19, 2004. (*Id.*, Ex. 8.) Petitioner then filed a petition to set aside the prior probate court order based on fraud on the court on February 24, 2003. (*Id.*, Ex. 9.) Smith filed a motion for order requiring security. On April 22, 2003, the probate court found that Smith had not submitted any new evidence and found to have no reasonable probability of prevailing in the case. (*Id.*, Exs. 11, 12.)

Seventeen years later, on January 27, 2020, Smith filed the instant complaint alleging similar claims raised in state court. After the Court dismissed the complaint for lack of subject matter jurisdiction, Plaintiff filed a first amended complaint. (Dkt. No. 4.) Defendant has moved to dismiss the FAC for lack of subject matter jurisdiction and for failure to state a claim.

///

///

---

because the Court may take judicial notice of filings in other courts, it GRANTS Defendant's request for judicial notice. *See Reyna Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.").

# Discussion

## A. Legal Standard on Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure ("Rule") 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Here, Defendant appears to be mounting a facial attack. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When evaluating a facial attack, the court assumes the truth of the complaint's allegations and draws all reasonable inferences in plaintiff's favor. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff appears to invoke federal question jurisdiction under Rule 60(d)(1)(3) and alleges violations of the Fifth and Fourteenth Amendments to the U.S. Constitution. (Dkt. No. 4, FAC ¶¶ 2, 7.)

## B. Analysis

First, Defendant moves to dismiss the complaint for lack of subject matter jurisdiction arguing that the Rooker-Feldman doctrine bars Plaintiff's claim challenging the underlying state court judgment. Plaintiff does not address this argument in the opposition.

The Rooker–Feldman doctrine is a "well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008) (citing *Dist. of*

*Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)). "Rooker–Feldman prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment", in part, because the United State Supreme Court is granted jurisdiction to review a state court judgment under 28 U.S.C. § 1257. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2002). Rooker-Feldman bars jurisdiction in federal court when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment"; however Rooker-Feldman does not bar jurisdiction in federal court if "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party." *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). "Rooker–Feldman thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Kougasian*, 359 F.3d at 1140. In *Kougasian*, the court held that Rooker-Feldman did not apply to alleged extrinsic fraud. *Id.* at 1140. It explained that while the plaintiff sought relief from the state court judgments, she did not allege she had been harmed by legal errors made by the state court, instead, she alleged the defendants' wrongful conduct caused her harm. *Id.*

Similarly, the Complaint appears to argue that Kenneth Seene and his counsel committed fraud on the state court, and not that the state court committed any legal errors.[3]  (Dkt. No. 4, FAC ¶¶ 23, 24.)  Accordingly, it does not appear that the Rooker-Feldman argument applies and Defendant's argument is without merit.

On his second argument, Defendant claims that Rule 60(d) does not provide the Court with independent jurisdiction over the case.  (Dkt. No. 7-1 at 7.)  Plaintiff again does not address this argument.

---

[3] Defendant even asserts that "it is unclear if Plaintiff is asking this court to reverse the judgment in the state probate case." (Dkt. No. 7-1 at 2.)

Rule 60(d) provides that a court has the power to "(1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). This language has been interpreted as allowing a party to either file a motion within the same case under Rule 60(b), or to file an entirely new complaint under Rule 60(d). *Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981). However, "[w]hen the prior judgment attacked in the 'independent action' is that of a different court, the new court must be one having 'independent and substantive equity jurisdiction.'" *Carney v. United States*, 462 F.2d 1142, 1144 (Ct. Cl. 1972); *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970); *Jovaag v. Ott*, No. 12cv3316 RMW, 2012 WL 3686087, at *2 (N.D. Cal. Aug. 24, 2012). Accordingly, because Rule 60(d) does not provide an independent basis for federal jurisdiction, the Court does not have "independent" jurisdiction to entertain Plaintiff's FAC because a federal question is not presented. *See Holder v. Simon*, 384 Fed. App'x 669, at *1 (9th Cir. 2010) (unpublished) (district court properly dismissed plaintiff complaint sua sponte as "Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment").

To the extent the FAC summarily alleges violations of his rights under the Fifth and Fourteenth Amendments, (Dkt. No. 4, FAC ¶ 7), it is well established that the Fifth Amendment applies to federal actors and the Fourteenth Amendment applies to state actors. *Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth."), *overruled on other grounds by Gideon v. Wainwright*, 372 U.S. 335 (1963). Here, Plaintiff's citations to the Federal Constitution are unavailing as Defendant is not alleged to be a federal or state actor. Therefore, Plaintiff cannot invoke this Court's jurisdiction based on allegations that Defendant violated Plaintiff's constitutional rights. Accordingly, the Court concludes

that it does not have subject matter jurisdiction over the first amended complaint and GRANTS Defendant's motion to dismiss under Rule 12(b)(1).

Because the Court lacks subject matter jurisdiction over the FAC, the Court need not address Defendant's motion to dismiss for failure to state a claim.

### B.     Leave to Amend

In the event the Court dismisses his claims, Plaintiff, in his opposition, seeks leave of court to file a second amended complaint.  (Dkt. No. 10 at 11.)  In reply, Defendant asks the Court to grant dismissal without leave to amend.  (Dkt. No. 11 at 4.)

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend.  *See Desoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

Here, in a prior order, the Court granted Plaintiff leave to amend on the issue of subject matter jurisdiction.  The FAC failed to correct the deficiencies alleged in the complaint and the Court concludes that it would be futile to grant Plaintiff leave to amend based on the allegations and relief he seeks. Accordingly, the Court denies Plaintiff's request for leave to file a second amended complaint.

### Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss and DISMISSES the Complaint with prejudice for lack of subject matter jurisdiction. The hearing set on October 30, 2020 shall be **vacated**.

IT IS SO ORDERED.

Dated:  October 22, 2020

Hon. Gonzalo P. Curiel
United States District Judge